UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

_____
                                                      )
**GENETIC TECHNOLOGIES LIMITED,**    )
                                                      )
                     **Plaintiff,**    )
                                                     )
                 vs.                           )      **Civil Action Number:**
                                                     )      **3:12cv724**
**GENETICS & IVF INSTITUTE, INC.,**     )
                                                     )
                    **Defendant.**    )
_____)

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Genetics & IVF Institute, Inc. ("GIVF") responds to the Complaint of Plaintiff Genetic Technologies Limited ("GTG") as stated herein.

### Responding to Allegations in the Complaint

GIVF responds to each of the numbered paragraphs of the Complaint as follows:

1. GIVF lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1.

2. GIVF admits the allegations of paragraph 2.

3. The allegations of paragraph 3 call for a legal conclusion; to the extent that GIVF is required to admit or deny the allegations of paragraph 3, they are admitted.

4. The allegations of paragraph 4 call for a legal conclusion; to the extent that GIVF is required to admit or deny the allegations of paragraph 4, they are admitted.

5. The allegations of paragraph 5 call for a legal conclusion; to the extent that GIVF is required to admit or deny the allegations of paragraph 5, they are admitted.

1

6. The allegations of paragraph 6 call for a legal conclusion; to the extent that GIVF is required to admit or deny the allegations of paragraph 6, they are admitted except that GIVF denies that it has committed acts of patent infringement in the Eastern District of Virginia or elsewhere.

7. GIVF admits that on March 18, 1997, United States Patent No. 5,612,179 (the "'179 Patent") was issued, that it is titled "Intron Sequence Analysis Method for Detection of Adjacent and Remote Locus Alleles as Haplotypes" and that a patent by that name and number was attached as an Exhibit to the Complaint. GIVF denies the remaining allegations of paragraph 7.

8. GIVF admits that, upon information and belief, it appears that GTG has been assigned certain rights pertaining to the '179 Patent and that the named inventor of the '179 Patent appearing on the face of the patent is Malcolm Simons. GIVF lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 8 and therefore denies them.

9. GIVF denies the allegations of paragraph 9 and refers to the entire '179 Patent for its content.

10. GIVF admits that the Abstract of the '179 Patent states in part as quoted in paragraph 10.

11. GIVF admits that claims 1 and 26 of the '179 Patent state as quoted in paragraph 11.

12. The allegations of paragraph 12 call for a legal conclusion. GIVF lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 12.

13. GIVF admits that GTG brought an action involving, *inter alia*, the '179 Patent and that it was styled *Genetic Technologies Ltd. v. Applera Corp.*, Case No. C 03-1316-PJF, in the United States District Court for the Northern District of California. GIVF lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 13.

14. GIVF admits that Monsanto Company brought a declaratory judgment action styled *Monsanto Company v. Genetic Technologies Limited*, C.A. 4:06CV000989, in the United States District Court for the Eastern District of Missouri. GIVF lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 14.

15. GIVF admits that GTG brought an action involving the '179 Patent and that it was styled *Genetic Technologies Ltd. v. Beckman Coulter, Inc., et al.,* Case No. 10-cv-0069, in the United States District Court for the Western District of Wisconsin. GIVF lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 15.

16. GIVF admits that GTG brought an action involving the '179 Patent and that it was styled *Genetic Technologies Ltd. v. Agilent Technologies, Inc., et al.,* Case No. 11-cv-01389, in the United States District Court for the District of Colorado. GIVF lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 16.

17. GIVF lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17.

18. GIVF lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.

19. GIVF admits that Exhibit B to the Complaint appears to be a Reexamination Certificate for the '179 Patent. GIVF lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 19.

20. GIVF admits the allegations of paragraph 20 except denies that GTG is entitled to collection of any damages, and denies there was past infringement by GIVF.

21. GIVF admits the allegations in the first and third sentences of paragraph 21. GIVF admits that it has a team that provides preimplantation genetic diagnosis ("PGD") and denies the remaining allegations in the second sentence of paragraph 21.

22. GIVF denies the allegations of paragraph 22.

23. GIVF denies the allegations of paragraph 23.

24. GIVF denies the allegations of paragraph 24.

25. GIVF denies the allegations of paragraph 25.

26. GIVF admits the allegations of paragraph 26 but denies that any such knowledge results in any liability for GIVF.

27. GIVF incorporates by reference each and every response to the allegations of paragraphs 1 through 26 as though they were fully set forth here.

28. GIVF denies the allegations of paragraph 28.

29. GIVF denies the allegations of paragraph 29.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The cause of action set forth in the Complaint is barred by the doctrines of waiver and equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

The claims of the '179 Patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code.

### FOURTH AFFIRMATIVE DEFENSE

The manufacture, use, sale, offer for sale, and/or importation into the United States of GIVF's services does not and will not infringe, induce infringement of, or contribute to the literal infringement of any valid or enforceable claim of the '179 Patent.

The manufacture, use, sale, offer for sale, and/or importation into the United States of GIVF's services does not and will not infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '179 Patent under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE

The cause of action set forth in the Complaint is barred, in whole or in part, by the doctrines of accord and satisfaction and/or release.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because of GTG's unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages to which GTG claims it is entitled are barred by laches.

GIVF reserves the right to raise additional defenses.

WHEREFORE, GIVF requests the following relief:

a)	Granting judgment in GIVF's favor, dismissing GTG's Complaint with prejudice and denying each request for relief made by GTG;

b)      Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding GIVF its attorneys' fees, costs, and expenses in this action; and

c)      Awarding GIVF such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaimant GIVF asserts the following counterclaims against GTG that U.S. Patent 5,612,179 (the "'179 Patent") is not infringed by GIVF's services, and/or is invalid for violation of one or more provisions of Title 35 of the United States Code, including 35 U.S.C. § 101 *et seq*.

## THE PARTIES

1.      Defendant/Counterclaimant GIVF is a corporation organized and existing under the laws of Virginia with a principal place of business at 3015 Williams Drive, Fairfax, Virginia 22031.

2.      On information and belief, and based on Plaintiffs' allegations, Counterclaim-Defendant/Plaintiff GTG is a corporation organized and existing under the laws of Australia, with a principal place of business in Victoria, Australia.

## NATURE OF THE ACTION

3.      These claims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. GIVF seeks a declaration that the '179 Patent is not infringed by GIVF's services and/or is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including 35 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and

2202 based on an actual controversy between GIVF and GTG, arising under the patent laws of the United States, 35 U.S.C. §1 *et seq*. This Court has original jurisdiction over the subject matter of these claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 as well as 21 U.S.C. § 355(c)(3)(D).

5. This Court has personal jurisdiction over GTG based on, *inter alia*, GTG's filing of this lawsuit in this jurisdiction.

6. Venue is proper in this judicial district based on 28 U.S.C. § 1400(a) and/or 28 U.S.C. § 1391(b), (c), and (d).

## BACKGROUND

7. The '179 Patent, on its face, is titled "Intron Sequence Analysis Method for Detection of Adjacent and Remote Locus Alleles as Haplotypes" and states its date of issue as March 18, 1997.

8. On information and belief, and based on GTG's allegations, the '179 Patent is owned by GTG.

9. The '179 Patent expired on March 9, 2010.

10. GIVF provides preimplantation genetic diagnosis ("PGD"), among other services.

## COUNT I
**(Declaration of Invalidity of the '179 Patent)**

11. GIVF incorporates by reference Paragraphs 1 through 10 of its Counterclaims as if fully set forth herein.

12. The claims of the '179 Patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 *et seq*.

13. A definite and concrete, real and substantial, justiciable controversy exists between GIVF and GTG concerning the validity of the '179 Patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

14. GIVF is entitled to a judicial declaration that the '179 Patent is invalid.

## COUNT II
### (Declaration of Noninfringement of the '179 Patent)

15. GIVF incorporates by reference Paragraphs 1 through 14 of its Counterclaims as if fully set forth herein.

16. GIVF's services do not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '179 Patent.

17. GIVF's services do not and will not infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '179 Patent under the doctrine of equivalents.

18. A definite and concrete, real and substantial, justiciable controversy exists between GIVF and GTG concerning the alleged infringement by GIVF of the '179 Patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19. GIVF is entitled to a judicial declaration that the '179 Patent is not infringed.

## PRAYER FOR RELIEF

WHEREFORE, GIVF requests the following relief:

a) Granting judgment in GIVF's favor;

b) Declaring all claims of the '179 Patent invalid;

c) Declaring all claims of the '179 Patent not infringed by the making, use, sale, offer for sale, marketing, or importation into the United States of the GIVF's services;

d) Declaring that GTG is not entitled to any damages or costs;

8

e)   Declaring that GTG is not entitled to interest;

f)   Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding GIVF its attorneys' fees, costs, and expenses in this action; and

g)   Awarding GIVF such other and further relief as the Court deems just and proper.

Date:  November 5, 2012

                              Genetics & IVF Institute, Inc.

                              By Counsel

                              */s/ Barbara S. Wahl*
                              _____
                              Barbara S. Wahl - Virginia State Bar No. 24647
                              ARENT FOX LLP
                              1050 Connecticut Avenue, N.W.
                              Washington, D.C.  20036-5339
                              Phone:  (202) 857-6000
                              Facsimile:  (202) 857-6395
                              Email address:  wahl.barbara@arentfox.com

                              ***Counsel for Defendant Genetics & IVF Institute, Inc.***

Of Counsel:
Janine A. Carlan, Esq.
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5339
Phone:  (202) 857-6000
Facsimile:  (202) 857-6395
Email address:  carlan.janine@arentfox.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2012, I will electronically file the foregoing Answer and Counterclaim with Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

        Maya Miriam Eckstein, Esq.
        Paul Thomas Nyffeler, Esq.
        Hunton & Williams LLP
        951 E. Byrd St.
        Riverfront Plaza – East Tower
        Richmond, VA 23219

        Benjamin B. Lieb, Esq.
        Robert R. Brunelli, Esq.
        Sheridan Ross PC
        1560 Broadway
        Suite 1200
        Denver, CO 80202


        */s/ Barbara S. Wahl*
        _____
        Barbara S. Wahl - Virginia State Bar No. 24647
        ARENT FOX LLP
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036-5339
        Phone:      (202) 857-6000
        Facsimile:  (202) 857-6395
        Email addresses: wahl.barbara@arentfox.com